B. & B. CHEVROLET Co. *et al. v.* HALL.

(*Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

POORE, KRAMER & TESTERMAN, of Knoxville, for appellants.

ROY H. BEELER, Attorney General, and Reporter, EDWIN F. HUNT, Assistant Attorney General, and JOHNSON & JOHNSON, of Knoxville, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

Complainants are dealers in automobiles and in connection with their business display for sale and sell secondhand automobiles taken in trade for new ones.

The county court clerk assessed the several complainants with the privilege tax imposed by article 3, section 1, item 9, chapter 13, Public Acts Second Extra Session of 1931, as amended by section 1, chapter 194, Public Acts of 1935. The tax was paid under protest and the bill filed to recover upon allegations that the additional tax was illegally exacted.

By chapter 13, Acts of 1931, under article 3, section 1, item 9, subsection (a), a tax is imposed upon automobile dealers, and by subsection (c) upon secondhand automobile dealers. Subsection (c) is followed by a proviso that the tax on secondhand dealers shall not apply to persons paying an automobile dealer's tax or junk dealer's tax. But the amendatory act, chapter 194, Public Acts of 1935,

amends item 9, subsection (a), of the original act so as to impose the same tax upon secondhand as upon dealers in automobiles under item 9, subsection (a). The amendment is followed by a proviso that any dealer selling or displaying automobiles for sale at any other place than his principal place of business shall pay only one-fourth of the tax imposed on dealers at their principal place of business.

The chancellor held that the tax was not imposed upon dealers who kept their secondhand cars stored and displayed for sale at a place immediately adjoining and used as a part of their place of business, and whose secondhand cars were handled in connection with and as a part of their business; but that the tax extended to dealers who displayed and sold secondhand cars at separate places and as a business other than their principal business.

A decree was accordingly entered. The complainants B. B. Chevrolet Company, Knoxville Buick Company, J. C. Mahan Motor Company, Sienknecht Motor Company, Southern Motors, Inc., and Vester Motor Company, who maintain places apart from and other than their principal places of business for the storage, display, and sale of secondhand cars, appealed and insist that they are not liable for the tax because such other places are but parts of or adjuncts to their principal business.

The defendant county court clerk appealed from the action of the chancellor in awarding recovery to Carter Motor Sales Company, Kerr Motor Company, and Spiers Motor Company, whose secondhand cars were displayed and kept for sale on lots adjacent to and used as an adjunct to their business. It is insisted on behalf of the

clerk that business done on adjacent lots is another place of business and taxed under the Act.

The evidence sustains the conclusion of the chancellor that the business done by this latter class of dealers was carried on in connection with and as a part of their principal business. It would be difficult to strike a line of demarkation as a basis for levying the additional tax against them. No such intention is expressed in the act. The tax is imposed only upon persons using another place than the principal place of business. Applying the rule that taxing statutes are to be construed strictly in favor of the taxpayer, it must be concluded that the Legislature did not impose the dealer's tax upon persons handling both used and new automobiles at the same place of business.

By the proviso under article 3, section 1, item 9, subsection (c) of chapter 13, Public Acts of 1931, 2d Ex. Sess., the tax on secondhand dealers did not apply to those who paid an automobile dealer's tax or junk dealer's tax. The object of the amendment was to extend the tax to all dealers, whether in new or secondhand cars, who displayed secondhand automobiles for sale at a place other than their principal place of business. By that provision no tax was imposed on automobile dealers who kept both secondhand and new automobiles displayed for sale at their principal place of business.

The decree of the chancellor is affirmed.